## Ellsworth J. Walton, trading as Walton & James, Defendant in Error, v. Western Union Telegraph Company, Plaintiff in Error.

### Gen. No. 19,555.

1. TELEGRAPH AND TELEPHONES, § 22*—*when telegraph company liable for nondelivery of packages.* Where a telegraph company permitted its messenger boys to be sent out on call to persons for the delivery of packages, letters and messages, upon compensation paid to it, the company must respond in damages to a reporter for a transcript of testimony lost through the carelessness or incompetency of one of its boys sent to perform the service.

2. DAMAGES, § 49*—*measure of damages for loss of written document.* In an action to recover damages for the loss of a typewritten transcript of testimony, where the evidence was not very definite as to the necessity for extra payment to get the transcript reproduced by the time that it was wanted by the lawyer, on the evidence the judgment on the basis of the fair, reasonable and customary value of such a transcript at the time and place will not be disturbed.

3. TELEGRAPHS AND TELEPHONES, § 32*—*measure of damages for failure to deliver document.* Where a typewritten transcript of testimony is lost while intrusted to a messenger of a telegraph company, the usual cost of such a transcription may be taken as the damages resulting from its loss.

Error to the Municipal Court of Chicago; the Hon. DAVID SULₐ. LIVAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed November 30, 1914.

WEST & ECKHART, for plaintiff in error.

AARON R. EPPSTEIN, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff below, defendant in error in this court, is a court stenographer, employing other shorthand writers. Having occasion to send, quite late in the evening, to a lawyer engaged in the trial of a cause

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

during the day, a typewritten transcript of certain testimony which had been given and stenographically taken down that day in court, he called for that purpose a messenger from the defendant corporation, which had boys in its employ who not only delivered telegrams but were sent out on call, as the "Telegram Manager" of the defendant corporation testified, to persons who called for them for messenger service, to deliver "such things as packages and flowers and boxes of candy and notes."

According to the evidence in this case as passed on by the court below, the boy who was intrusted with this package of testimony lost it by carelessness. It was in a paper tube ten inches long and two inches thick.

The plaintiff sued in the Municipal Court and recovered a judgment of $35.50 on the basis of testimony given that this was a fair, reasonable and customary value of such a transcript at the time and place in question.

A writ of error having been sued out of this court, one of its judges in vacation refused to make this writ a *supersedeas* and thus stay the execution of the judgment. The cause now comes up for final disposition.

We do not think it necessary to enter into a discussion of the elaborate arguments that have been made nor of the cases cited on one side and the other of this controversy. Some of the cases much relied on by the defendant would be little in point even if of more controlling authority to us.

We may concede that there are many reasons why the Company, sending messenger boys at call for compensation flowing to the Company, should not be held under some varying circumstances liable for the loss resulting from the boys absconding with valuable packages entrusted to them. It is not necessary to decide any such question here. This package was one quite in the line of the business which the messenger

boys are held out by the Company to do. It was a written document and not differing in essence from a letter or a written message.

As for the point that the boy was agent only of the sender, it is sufficient to say that the Company gets the compensation which the sender pays. It seems to us that common sense and right reason demand that in this case the Company should be held liable to repair the damage caused by the carelessness and incompetency of the boy they sent on hire to perform the service.

The question whether the cross-error is not well assigned has given us more difficulty. But we have decided that the evidence does not render it necessary to disturb the present judgment. It cost the plaintiff an extra sum to reproduce the transcript by the time that the lawyer wanted it, but the evidence is not very definite as to the necessity for this extra payment. We think that the usual cost of such a transcription might be properly taken as its value and as the damages in this case resulting from its loss. If the amount of the judgment is too small, the defendant certainly is not injured thereby.

The judgment of the Municipal Court is affirmed.

*Affirmed.*